UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LUIS JAVIER GOMEZ,

    Petitioner,

v.                                         Case No. 5:06-cv-141-Oc-10GRJ

WARDEN, FCC COLEMAN - LOW,

    Respondent.
_____

## ORDER DISMISSING CASE

This case is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).  Petitioner is currently confined at the Coleman Federal Correctional Complex, and the Petition alleges that Petitioner has been denied early release subsequent to his completion of a substance abuse program.  It is clear from the Petition and the attached exhibits that Petitioner failed to complete the administrative remedy process prior to filing this case, and accordingly the case must be dismissed.

## Exhaustion of Administrative Remedies

The responsibility for computing a federal sentence lies with the Attorney General of the United States, who has delegated such responsibility to the Bureau of Prisons.[1]  The BOP has formulated an administrative remedy program through

---

[1] United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990) (citing United States v. Mitchell, 845 F.2d 951 (11th Cir. 1988); United States v. Mathis, 689 F.2d 1364 (11th Cir. 1982)).

which federal inmates may challenge the BOP's sentence computation.[2]

Although there is no statutory requirement that a federal inmate exhaust his administrative remedies prior to filing a writ of habeas corpus pursuant to § 2241, the Eleventh Circuit has nonetheless held that exhaustion is jurisdictional.[3] Therefore, in order to obtain judicial review of a sentence computation by the BOP, a federal inmate must first exhaust his available administrative remedies within the BOP's administrative remedy program.[4] The following policies are promoted by requiring the exhaustion of administrative remedies:

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise it's discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources . . . ; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its

---

[2] The Bureau of Prisons makes available to its inmates a three level administrative remedy process if informal procedures fail to achieve the desired results. 28 C.F.R. § 542.10, et seq. The administrative remedy process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal by filing a Regional Administrative Remedy Appeal with the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For an inmate at the Federal Correctional Complex in Coleman, Florida, this appeal would be filed with the Southeast Regional Office of the BOP in Atlanta, Georgia.) Finally, if the Regional Office denies relief, the inmate can appeal that decision to the Office of General Counsel via a Central Office Administrative Remedy Appeal.

[3] Winck v. England, 327 F.3d 1296, 1300 n. 1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992); Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001); United States v. Lucas, 898 F.2d at 1556).

[4] See Mitchell 845 F.2d at 952-53; see also Mathis 689 F.2d at 1365.

procedures.'[5]

The Petition and attached exhibits reflect that Petitioner began the administrative remedy process by submitting an Inmate Request to Staff on January 10, 2006. His request for informal resolution was denied on January 17, 2006. Petitioner does not allege that he pursued any administrative appeals concerning his claims. The Petition and the attached exhibits thus show that Petitioner failed to complete the administrative remedy process with respect to his claims.

Pursuant to Habeas Rule 4[6], "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" the Court must dismiss the petition and it is unnecessary to serve the Petition on the Respondent. The Court has determined that it is plain that Petitioner is not entitled to relief in this case, and accordingly the Court will not order service of the Petition and the Petition will be dismissed.

## Conclusion

For the reasons set forth in this Order, the Petition for Writ of Habeas Corpus is **DISMISSED without prejudice**. The Clerk is directed to enter judgment dismissing the Petition without prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

---

[5] Irwin v. Hawk, 40 F.3d 347,348 (11th Cir. 1994) (citations omitted).

[6] Rules Governing Habeas Corpus Cases Under Section 2254. Pursuant to Habeas Rule 1(b), the Court has the discretion to apply the Habeas Rules to other habeas corpus petitions.

**DONE AND ORDERED** at Ocala, Florida, this 14th day of June 2006.

UNITED STATES DISTRICT JUDGE

c: Luis Javier Gomez